# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMES SIMMONS, | )<br>) |
| Plaintiff, pro se, | )<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) **AND RECOMMENDATION**<br>) |
| MR. SHORT, et al., | ) 1:09CV125<br>) |
| Defendants. | ) |

This matter is before the court on a motion to dismiss by Defendants (docket no. 12). Pro se Plaintiff James Simmons has responded in opposition to the motion, and the matter is ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge. Therefore, the motion to dismiss must be addressed by way of recommendation. For the reasons stated herein, the court should grant the motion to dismiss.

**Background**

On February 17, 2009, Plaintiff filed this pro se action pursuant to 42 U.S.C. § 1983, naming as Defendants various officials and employees who allegedly violated his constitutional rights while he was incarcerated at the Albemarle Correctional Institution in Stanly County.[1] Plaintiff alleges generally that his constitutional rights were violated when Defendants charged him unjustifiably with

---

[1] Plaintiff's complaint indicates that he is currently confined at Forsyth Correctional Center in Forsyth County.

prison disciplinary actions, reduced his good-time credits, and engaged in other alleged conduct. Plaintiff requests nominal, compensatory, and punitive damages. On May 29, 2009, all of the named Defendants filed the pending motion to dismiss.

**Plaintiff's Allegations**

Plaintiff alleges in his complaint that Defendant Short wrote Plaintiff "up for something I didn't do" in retaliation for Plaintiff writing a grievance claim on Short and for giving Short a bad review on Plaintiff's transfer request form. Plaintiff alleges that Defendant Lanier conspired with staff members against Plaintiff because Plaintiff wrote a grievance against Lanier. Plaintiff alleges that Lanier refused to allow Plaintiff to switch to another programmer[2] other than Defendant Short although Lanier knew that Plaintiff had written a grievance against Short. Plaintiff further alleges that Defendant Lanier allowed other staff members against whom Plaintiff had filed grievances to conduct investigations into grievances Plaintiff had filed.

Plaintiff alleges that Defendant Holshouser "conspired" with staff members by allowing a head nurse to give testimony without Plaintiff's knowledge, by refusing to allow Plaintiff to call witnesses at Plaintiff's disciplinary hearings, and by refusing to allow Plaintiff to cross-examine key witnesses. Plaintiff alleges that Defendant Horton retaliated against Plaintiff after Plaintiff filed a grievance against him by either planting pills or lying about finding pills in Plaintiff's locker. Plaintiff alleges that Defendant Martin conspired with staff members and gave false testimony to get

---

[2] It is unclear exactly what Plaintiff means by "programmer" in the complaint.

Plaintiff convicted in a "secret statement." Plaintiff further alleges that Defendant Gore conspired with staff members against Plaintiff by refusing to allow Plaintiff to switch programmers because Plaintiff wrote a grievance against her. Plaintiff further alleges that Defendant Gore allowed staff members about whom Plaintiff had written grievances to be investigating officers in Plaintiff's grievances against other staff members.

Plaintiff further alleges that an unknown sergeant conspired with other staff members by depriving Plaintiff of access to his hygiene product while Plaintiff was in segregation and that Plaintiff was denied the opportunity to get indigent hygiene product when he was eligible.[3] Plaintiff further alleges that he was required to spend 41 days in segregation instead of the 40 days to which he was sentenced. Plaintiff alleges that he was denied the opportunity to see a sergeant before a disciplinary hearing, but that he was made to sign papers as if he had. Finally, Plaintiff alleges that money was taken out of his custodial account and that the account was made to look as if Plaintiff had spent the money.

Plaintiff alleges that all of the above acts took place between October 4, 2007, and February 18, 2008, and that the named Defendants conspired against him and violated his First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights.

---

[3] Defendants state in their brief that the sergeant to whom Plaintiff refers is most likely Defendant Efird.

**Standard of Review**

Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

In ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995). At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, are liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

The duty of fair notice under Rule 8(a), however, requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the Supreme Court has instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citation omitted). *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (clarifying *Twombly*). With these principles in mind, the court now turns to the motion to dismiss.

## Discussion

## Plaintiff's Section 1983 Complaint

Defendants contend that Plaintiff's pro se complaint should be dismissed. I agree. First, in most of his allegations, Plaintiff is complaining about disciplinary proceedings or the outcome of the disciplinary proceedings. These claims are barred by the principles articulated in *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (stating that *Heck* precludes a Section 1983 claim in a prison disciplinary hearing that has not been previously invalidated, where the challenge would necessarily imply the invalidity of the deprivation of good-time credits). *See also Kerr v. Orellana*, 969 F. Supp. 357, 358 (E.D. Va. 1997) (holding that a prisoner's Section 1983 claim related to his disciplinary hearing was precluded under *Heck*). Furthermore, to the extent that Plaintiff is challenging the duration of his confinement by requesting that his good-time, merit, or work credits be restored, the sole remedy is through a habeas corpus proceeding, which includes an exhaustion requirement under 28 U.S.C. § 2254(b). *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In sum, Plaintiff's claims regarding disciplinary proceedings and/or good-time credits should be dismissed.

Next, to the extent that Plaintiff is complaining about certain treatment that he received while he was incarcerated–including that he was deprived of hygiene products, that prison officials refused to allow him to transfer to a programmer of his choosing, and that he was required to stay in segregation one more day than the

days required under his sentencing–Plaintiff's allegations simply do not state a claim for any constitutional violation. It is well settled that the Constitution does not mandate comfortable prisons, see *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), and Plaintiff has not alleged facts raising an inference of anything more serious than temporary discomfort. *See Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). Finally, the allegation that money was taken from Plaintiff's account by an unnamed person made to appear as if he spent it is simply too vague to state a claim for any constitutional violation.[4]

**Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that Defendants' motion to dismiss (docket no. 12) be **GRANTED**. To this extent, Plaintiff's allegations regarding his disciplinary proceedings and/or good-time credits should be dismissed without prejudice, and his other allegations should be dismissed with prejudice.

_____
WALLACE W. DIXON
United States Magistrate Judge

September 24, 2010

---

[4] In any event, it does not appear that Plaintiff has exhausted his administrative remedies as to this claim.